# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CONGHAU HUU TO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:10-cv-02401-KOB-TMP |
| | ) |
| WILLIAM ELSTON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 14, 2014, recommending that the court dismiss plaintiff's complaint without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). (Doc. 36). The magistrate judge recommended that, in the alternative, defendants' motion for summary judgment be granted and plaintiff's Eighth Amendment and conspiracy claims be dismissed with prejudice. *Id*. The magistrate judge further recommended that plaintiff's state law negligence claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id*. Plaintiff filed objections on March 10, 2014. (Doc. 39).

In his objections, plaintiff asserts that he was diligent in his attempts to exhaust his administrative remedies. However, plaintiff does not dispute that he failed to

resubmit a BP-11 in Administrative Remedy # 554976 in which he claimed officers used excessive measures to force him into a cell with another inmate because "the issues raised were resolved." (Doc. 22 at 3). Plaintiff argues that he did not resubmit a BP-11 in Administrative Remedy # 568833 in which he complained that he was forced to share a cell with another inmate because he did not receive a response to his BP-10 from the Regional Office. Plaintiff does not dispute that pursuant to the Administrative Remedy Program, an inmate who does not receive a response within the allotted time period may consider the absence of a response to be a denial at that level. As a result, plaintiff could have resubmitted his BP-11 form to the Central Office concerning Administrative Remedy # 568833 for a determination.[1]

In his objections, plaintiff merely restates his claims that defendants are liable for the injuries he sustained after his cellmate assaulted him. The undisputed facts show no specific threat or prior incident from which defendants could a substantial risk that plaintiff's cellmate would injure him. Moreover, plaintiff concedes that on August 6, 2009, he disobeyed a direct order to move to another cell. The undisputed

---

[1] Plaintiff contends that defendants attempted to exclude from the record a BP-10 he submitted on July 10, 2009, and that the magistrate judge did not consider the same in the report and recommendation. (Doc. 39 at 2.) Plaintiff's claim is without merit. Citing plaintiff's exhibits, the magistrate judge found that plaintiff filed a BP-10 on July 10, 2009, in which he complained that SMU inmates were being forced to cell with other inmates and that the practice would lead to inmate assaults and killings. (Doc. 36 at 13; Doc. 33, Ex. 1.) The magistrate judge noted that the Regional Office rejected plaintiff's BP-10 because he failed to first file a BP-9 through the institution for the Warden's review and response before filing an appeal. *Id*. Plaintiff does not dispute that he failed to follow administrative procedures in submitting this particular grievance.

evidence shows that the amount of force used by prison officials to remove plaintiff from his cell was not so unreasonable or extraordinary to indicate anything but an attempt to compel plaintiff to comply with lawful orders.  Lastly, plaintiff continues to make only conclusory statements without any supporting operative facts for his claims that defendants conspired to violate his constitutional rights.

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and plaintiff's objections. The court ADOPTS the magistrate judge's report and ACCEPTS his recommendation.  The court EXPRESSLY FINDS that plaintiff's complaint is due to be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  In the alternative, defendants' motion for summary judgment as to plaintiff's Eighth Amendment and conspiracy claims is due to be GRANTED and those claims are due to be DISMISSED WITH PREJUDICE, and plaintiff's state law negligence claims are due to be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367(c)(3).

The court will enter a separate Final Order.

DONE and ORDERED this 31st day of March, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE